**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Corey Keith WOODARD, Defendant—
Appellant.**

No. 02–35452.

D.C. No. CV–00–01186–FR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 2003.*

Decided March 26, 2003.

Before KLEINFELD and MCKEOWN, Circuit Judges, and SHAPIRO,** Senior District Judge.

MEMORANDUM***

Corey Keith Woodard was tried and convicted on two counts of felony drug distribution, one count of felony drug possession with the intent to distribute, and one count of unlawfully possessing a firearm; his criminal conviction and sentence were affirmed on direct appeal. Woodard appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues the following: 1) that he was denied effective assistance of counsel based on defense counsel's failure to offer to stipulate to the existence of Woodard's prior convictions, details of which were offered in evidence by the government at trial without objection, and 2) that the issue of drug quantity was not determined by the jury as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Norma L. Shapiro, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In *United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243

We review the denial of a § 2255 motion or petition *de novo*. *United States v. Sanchez–Cervantes*, 282 F.3d 664, 666 (9th Cir. 2002), *cert. denied*, — U.S. —, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002). Findings of fact relevant to a denial of habeas corpus are reviewed for clear error. *Anderson v. Calderon*, 232 F.3d 1053, 1084 (9th Cir.2000). A claim of ineffective assistance of counsel is a mixed question of law and fact reviewed *de novo*. *Id.*

In his opening statement at trial, the prosecutor stated Woodard had twice before been convicted of distributing crack cocaine; prior to calling its first witness, the government introduced, without objection, certified copies of those prior convictions. In *Old Chief v. United States*, 519 U.S. 172, 174, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the court held that it was an abuse of discretion for a district judge to reject an offer to stipulate when the "name or nature of the prior offense raises the risk of a verdict tainted by improper considerations." Had defense counsel offered to stipulate to Woodard's prior felony convictions, the district judge would presumably have accepted the offer. Counsel's failure to make such an offer allowed the government to present, in its proof on the charge of felon in possession of a firearm, the name and details of Woodard's two prior offenses for cocaine distribution, closely related if not identical to three of the five counts charged in the indictment.

Assuming without deciding that Woodard's counsel was ineffective in failing to offer to stipulate to the prior felony convictions, to prevail, Woodard must show not only that his attorney rendered deficient performance, but that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Woodard must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The *Old Chief* court noted that the risk of unfair prejudice associated with offering evidence of prior convictions similar in nature to the current charge will vary case to case. 519 U.S. at 185. "That risk ... will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." *Id.* Here, the fear that the jury was so distracted by the prior convictions that it failed to focus on the current charges is unfounded. The jury, demonstrating it was not so seduced by the details surrounding Woodard's prior convictions, acquitted on count I, the only charge unsupported by audio or video tape.

The charges on which Woodard was convicted were supported by evidence including an eyewitness government informant, corroborated by the testimony of a Special Agent of the Bureau of Alcohol, Tobacco and Firearms, and video and audio tapes of material conversations between the informant and Woodard. Assuming the failure to stipulate amounted to error under *Strickland*, based on the record before us, we cannot say that had there been a stipulation to Woodard's prior felony drug convictions, "the factfinder would have had a reasonable doubt respecting guilt."

(2002), we held that *"Apprendi* does not apply retroactively to cases on initial collateral review,"* and thus, we need not address further

Woodard's *Apprendi*-based challenge as it is foreclosed.

*Strickland,* 466 U.S. at 695. Accordingly, Woodard was not denied effective assistance of counsel.

**AFFIRMED.**